Index No. 15-CV-10046

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN BLEIWIS,

Plaintiff,

-against-

CITY OF NEW YORK, et. al.,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD THROUGH SEVENTH CAUSES OF ACTION**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Elissa Fudim*
*Tel:  (212) 356-2335*
*Matter #:  2016-002100*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF THE FACTS ................................................................ 2

RULE 12(B)(6) STANDARD FOR DISMISSAL ....................................... 3

ARGUMENT

I.

        PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A MONELL CLAIM ................................................ 4

            A. Plaintiff Fails To Plausibly Allege The City's Failure To Train Or Supervise Which Caused Him To Suffer A Deprivation Of His Constitutional Rights ............................................................... 5

            B. Plaintiff Fails To Plausibly Allege A City Policy Or Custom Of Police Misconduct Which Caused Him To Suffer A Deprivation Of His Constitutional Rights ............................................................... 8

II.

        PLAINTIFF'S NEGLIGENCE CLAIMS SHOULD BE DISMISSED…………………………………………**Error! Bookmark not defined.**

III.

        PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS MUST FAIL AS A MATTER OF LAW ....................................... 13

IV.

        PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR FAILURE TO INTERVENE ................................................. 15

**Cases**                                                                                                                            **Page(s)**

V.

    PLAINTIFF'S  SUPERVISORY  LIABILITY  CLAIM
    MUST FAIL ................................................................................................. 15

VI.

    PLAINTIFF'S  CLAIM  FOR  VIOLATION  OF  THE
    NEW YORK STATE CONSTITUTION SHOULD BE
    DISMISSED   BECAUSE   HIS   CLAIMS   ARE
    REMEDIABLE UNDER SECOND 1983 ...................................................... 15

VII.

    ALL  CLAIMS  AGAINST  DEFENDANT  TORRES
    AND THE JOHN DOE DEFENDANTS SHOULD BE
    DISMISSED. .............................................................................................. 18


CONCLUSION ................................................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

Akins v. Glens Falls City Sch. Dist.,
    53 N.Y.2d 325 (1981) ...................................................................................12

Alfaro v. Wal-Mart Stores, Inc.,
    210 F.3d 111 (2d Cir. 2000)...........................................................................12

Amnesty Am. v. Town of W. Hartford,
    361 F.3d 113 (2d Cir. 2004).............................................................................6

Anderson v. Branen,
    17 F.3d 552 (2d Cir. 1994)..............................................................................15

Appalachian Enterprises v. Epayment Solutions,
    01 CV 11502(GBD), 2004 U.S. Dist. LEXIS 24657 (S.D.N.Y. Dec. 8, 2004)................16, 17

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009) .........................................................3, 6, 8, 11, 12

Barraza v. Sambade,
    212 A.D.2d 655, 622 N.Y.S.2d 964 (2d Dep't 1995) ............................................13

Batista v. City of New York,
    2007 U.S. Dist. LEXIS 71905 (S.D.N.Y. Sept. 24, 2007)....................................18

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)................................................................3, 6, 12

Brandon v. City of New York,
    705 F. Supp. 2d 261 (S.D.N.Y. 2010)...............................................................18

Chepilko v. City of New York,
    No. 06-cv-5491 (ARR)(LB), 2012 U.S. Dist. LEXIS 15110 (E.D.N.Y. Feb. 6,
    2012) .............................................................................................................16

City of Canton v. Harris,
    489 U.S. 378 (1989)...............................................................4, 5, 6, 11

City of St. Louis v. Praprotnik,
    485 U.S. 112 (1985) (plurality opinion) ...........................................................4

Conley v. Gibson,
    355 U.S. 41 (1957)..........................................................................................17

**Cases**                                                                        **Page(s)**

In re CRM Holdings, Ltd.,
No. 10 Civ. 975 (RPP), 2012 U.S. Dist. LEXIS 66034 (S.D.N.Y. May 10, 2012) ................................................................................................................. 9

Cuevas v. City of New York,
07 Civ. 4169 (LAP) 2009 U.S. Dist. LEXIS 114984 (S.D.N.Y. Dec. 7, 2009) ....................... 8

Desmon Goins v. City of New York,
15-CV07105 (PKC) (E.D.N.Y. filed December 14, 2015) .................................................. 10

Dwares v. City of New York,
985 F.2d 94 overruled on other grounds, Leatherman v. Tarrant County
Narcotics & Coordination Unit, 507 U.S. 163 (1993) ......................................................... 7, 8

In re Elevator Antitrust Litig.,
502 F.3d 47 (2d Cir. 2007) ................................................................................................... 3

Fabian Rivera v. City of New York,
15-CV-02842 (CBA) (E.D.N.Y. filed May 15, 2015) .......................................................... 10

Goldstein v. Pataki,
516 F.3d 50 (2d Cir. 2008) ................................................................................................... 3

Gondola v. City of New York,
1:16-cv-00369-ENV (E.D.N.Y. filed January 22, 2016) .................................................... 10

Gonzalez-Polanco v. City Of New York et al.,
16-cv-00519-GBD (S.D.N.Y. filed January 22, 2016) ...................................................... 10

Holland v. City of Poughkeepsie,
90 A.D.3d 841, 935 N.Y.S.2d 583 (2d Dept 2011) ........................................................... 12

Husbands v. City of New York,
05 Civ. 9252 (NRB), 2007 U.S. Dist. LEXIS 61042 (S.D.N.Y. Aug. 16, 2007)
aff'd 2009 U.S. App. LEXIS 14122 (2d Cir. June 30, 2009) ............................................. 14

Jean-Laurent v. Wilkerson,
461 Fed. Appx. 18 (2d Cir. N.Y. 2012) ............................................................................. 15

Jean-Laurent v. Wilkinson,
540 F. Supp. 2d 501 (S.D.N.Y. 2008) ............................................................................... 15

Jenkins v. City of New York,
478 F.3d 76 (2d. Cir. 2007) ................................................................................................. 5

**<u>Cases</u>**                                                                        **<u>Page(s)</u>**

<u>Jones v. National Commun. & Surveillance Networks</u>,
   409 F. Supp. 2d 456 (S.D.N.Y. 2006)................................................................16

<u>Karoon v. New York City Transit Auth.</u>,
   241 A.D.2d 323, 659 N.Y.S.2d 27 (1st Dep't 1997) ........................................13

<u>Lafrance v. Bemben</u>,
   No. 10-CV-4583 (SLT) (MDG), 2013 U.S. Dist. LEXIS 4013 (E.D.N.Y. Jan.
   7, 2013) ..............................................................................................................15

<u>LaLonde v. Bruce</u>,
   166 F. Supp. 2d 713 (N.D.N.Y. 2001) ..............................................................13

<u>Lauer v. City of New York</u>,
   95 N.Y.2d 95, 711 N.Y.S.2d 112 (2000) ..........................................................12

<u>Lee v. Corneil</u>,
   2016 U.S. Dist. LEXIS 44660 (S.D.N.Y. Mar. 31, 2016 ..................................18

<u>Lipsky v. Commonwealth United Corp.</u>,
   551 F.2d 887 (2d Cir. 1976)..................................................................................9

<u>Lowery v. City of New York</u>,
   No. 10 Civ. 7284, 2014 U.S. Dist. LEXIS 77533, 2014 WL 2567104
   (S.D.N.Y. June 6, 2014)........................................................................................8

<u>Manganiello v. City of New York</u>,
   612 F.3d 149 (2d Cir. 2010)................................................................................14

<u>McKinnon v. Patterson</u>,
   568 F.2d 930 (2d Cir. 1977), <u>cert. denied</u>, 434 U.S. 1087 (1978) ..........................17

<u>Medina v. Bauer</u>,
   02 Civ. 8837 (DC), 2004 U.S. Dist. LEXIS 910 (S.D.N.Y. Jan. 27, 2004) ...........17

<u>Monell v. Dep't Soc. Serv.</u>,
   436 U.S. 658 (1978)......................................................................1, 2, 4, 7, 8, 10, 11

<u>Morgan v. County of Nassau</u>,
   720 F. Supp. 2d 229 (E.D.N.Y. 2010) ..............................................................16

<u>Murphy v. Lynn</u>,
   118 F.3d 938 (2d Cir. 1997)................................................................................14

<u>Neiger v. City of New York</u>,
   72 A.D.3d 663, 897 N.Y.S.2d 733 (2d Dep't 2010)..........................................13

**Cases**                                                                                                    **Page(s)**

O'Neill v. Krzeminski,
    839 F.2d 9 (2d Cir. 1988) ........................................................................................15

Oklahoma City v. Tuttle,
    471 U.S. 808 (1985)...........................................................................................4, 10

Pace v. Town of Southampton,
    678 F. Supp. 2d 79 (E.D.N.Y. 2010) ....................................................................18

Pembaur v. City of Cincinnati,
    475 U.S. 469 (1986) (plurality opinion) .................................................................4

Peterec v. City of New York,
    No. 14 Civ. 309, 2015 U.S. Dist. LEXIS 28504, 2015 WL 1027367 (S.D.N.Y.
    Mar. 6, 2015)..........................................................................................................9

Philip v. Beutsche Bank National Trust,
    2014 U.S. Dist. LEXIS 140562 (S.D.N.Y. Sept. 30, 2104)...................................12

Present v. Avon Products, Inc.,
    253 A.D.2d 183, 687 N.Y.S.2d 330 (N.Y. App. Div. 1st Dep't 1999)...................14

Present v. Avon Products, Inc.,
    687 N.Y.S.2d 970 (1st Dep't. 1999) ......................................................................14

Provost v. City of Newburgh,
    262 F.3d 146 (2d Cir. 2001)...................................................................................17

Robert Morales v. City of New York,
    15-CV-05815 (ARR) (E.D.N.Y. filed October 8, 2015) ........................................10

Rodriguez v. City of New York,
    16-cv-96 (WHP) (transcript attached as Appendix) ................................................8

Rohman v. New York City Transit Authority,
    215 F.3d 208 (2d Cir. 2000)...................................................................................14

Rothstein v. Carriere,
    373 F.3d 275 (2d Cir. 2004)...................................................................................14

Saleh v. City of New York,
    No. 06 Civ. 1007 (SHS), 2007 U.S. Dist. LEXIS 92193 (S.D.N.Y. Dec. 17,
    2007) ......................................................................................................................5

Santos Guerrero v. City of New York,
    16-CV-00516 (JPO) (filed January 28, 2016)........................................................10

**<u>Cases</u>**                                                                                                                   **<u>Page(s)</u>**

<u>Sforza v. City of New York</u>,
    2009 U.S. Dist. LEXIS 27358 (S.D.N.Y. Mar. 31, 2009) ......................................................18

<u>Simms v. City of New York</u>,
    480 Fed. Appx. 627 (2d Cir. 2012) ................................................................................6, 9

<u>Sorlucco v. New York City Police Dep't</u>,
    971 F.2d 864 (2d Cir. 1992) ........................................................................................4, 10

<u>Sugarman v. Equinox Holding</u>,
    73 A.D.3d 654, 901 N.Y.S.2d 615 (1st Dept'2010) ............................................................13

<u>Swierkiewicz v. Sorema N.A.</u>,
    534 U.S. 506 (2002) ....................................................................................................17

<u>Taylor v. Brentwood Union Free Sch. Dist.</u>,
    143 F.3d 679 (2d Cir. 1998) ........................................................................................17

<u>Tchatat v. City of New York</u>,
    2015 U.S. Dist. LEXIS 115093 (S.D.N.Y. Aug. 28, 2015) ..................................................8

<u>Triano v. Town of Harrison</u>,
    895 F. Supp. 2d 526 (S.D.N.Y. 2012) .......................................................................6, 10

<u>Vippolis v. Vill. of Haverstraw</u>,
    768 F.2d 40 (2d Cir. 1985) ..........................................................................................4, 11

<u>Williams v. Smith</u>,
    781 F.2d 319 (2d Cir. 1986) .........................................................................................17

<u>Wynder v. McMahon</u>,
    360 F.3d 73 (2d Cir. 2004) ...........................................................................................17

## PRELIMINARY STATEMENT

Plaintiff, Martin Bleiwis, brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia,* that he was falsely arrested on April 9, 2015.  Plaintiff further alleges that defendant The City of New York (the "City") is liable for his purported injuries under a theory of municipal liability pursuant to Monell v. Dep't Soc. Serv., 436 U.S. 658 (1978), as well as under state law theories of negligent hiring and retention, and negligent training and supervision. Plaintiff's claims against the City must fail because Plaintiff has not plausibly alleged that the City caused his purported constitutional violations.

Plaintiff also asserts claims for malicious prosecution, failure to intervene, state law malicious prosecution, negligence, and violation of the New York State constitution against Sergeant Leon Lian and Detective Alfredo Torres ("Defendant Officers").[1]  For the reasons set forth herein, these causes of action must also fail as a matter of law.

Plaintiff also asserts a claim for supervisory liability against the "Supervisory Defendants", a term that plaintiff never defines. For the reasons set forth here, that claim must also be dismissed.

Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the City and Defendant Officers (collectively "Defendants") respectfully submit this Memorandum of Law in support of their motion to dismiss Plaintiff's third, fourth, fifth, sixth, tenth, eleventh, twelfth, thirteenth and fourteenth causes of action for malicious prosecution, failure to intervene, supervisory liability, municipal liability, state law malicious prosecution,

---

[1] Plaintiff also pleads two claims for false arrest, under federal and state law, on which Defendants do not move. Defendants also do not move on plaintiff's claims for assault and battery, which are essentially redundant of his false arrest claims. Defendants also have decided not to move at this time on plaintiff's denial of fair trial claim.

negligent screening, hiring and retention, negligent training and supervision, negligence and violation of the New York State constitution, respectively.

## STATEMENT OF THE FACTS[2]

Plaintiff alleges that on April 9, 2015, nine police officers, including the individual defendants, illegally searched his home in Baldwin, New York, and confiscated 233 police radios, which plaintiff claims he had legally purchased at auction. Plaintiff further alleges that while in his home, the officers confiscated two guns, for which he had permits, and that certain additional items were also stolen by police.  Finally, plaintiff alleges that he was taken into custody, and transported to the First Precinct, where he was issued a desk appearance ticket. Complaint at ¶¶ 12-21.

Plaintiff asserts causes of action against defendants Lian and Torres for, *inter alia*, violation of the right to a fair trial, malicious prosecution, failure to intervene, and assault and battery, and violation of the New York State constitution. As set forth below, Plaintiff has failed to adequately plead facts supporting these claims.

Against the City, Plaintiff asserts a claim for municipal liability pursuant to Monell v. Dep't Soc. Serv., 436 U.S. 658 (1978).  Specifically, Plaintiff claims that the City caused his purported constitutional violations by failing to train its employees on proper methods of investigation and the probable cause necessary to make an arrest. Complaint, at ¶ 29. Under state law, plaintiff makes similar claims against the City for negligent screening, hiring and retention, negligent training and supervision. Despite making these sweeping allegations, Plaintiff has failed to plausibly allege that the City caused his purported injuries.

---

[2] The facts recited herein set forth Plaintiff's allegations.

For these reasons, Plaintiff's third, fourth, fifth, sixth, tenth, eleventh, twelfth, thirteenth and fourteenth causes of action should be dismissed.

## <u>RULE 12(B)(6) STANDARD FOR DISMISSAL</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a cause of action may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this standard, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The Court may and should disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." <u>Id.</u> at 663. Indeed, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." <u>Id.</u> at 557; <u>see also</u> <u>In re Elevator Antitrust Litig.</u>, 502 F.3d 47, 50 (2d Cir. 2007) ("While <u>Twombly</u> does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiffs' claims across the line from conceivable to plausible.") (internal quotation marks and alteration omitted). The Second Circuit has additionally noted that a plaintiff must "provide grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." <u>Goldstein v. Pataki</u>, 516 F.3d 50, 56 (2d Cir. 2008).

**ARGUMENT**

**I.**

**PLAINTIFF HAS FAILED TO PLAUSIBLY
ALLEGE A MONELL CLAIM**

In order to hold a municipality liable as a "person" within the meaning of § 1983, a plaintiff must establish that the municipality itself was somehow at fault.  Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985); Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).  A municipality may not be held liable under § 1983 on the basis of *respondeat superior*. Monell, 436 U.S. at 694-95.  "The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused him injuries . . . . Second, the plaintiff must establish a causal connection – an affirmative link – between the policy and the deprivation of his constitutional rights."  Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks and citation omitted).

To state a claim for municipal liability, a plaintiff must plausibly allege one of four different types of violations: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, Monell, 436 U.S. at 690; (2) the official responsible for establishing policy, with respect to the subject matter in question to the specific action, caused the alleged violation of the plaintiff's rights, Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials, City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1985) (plurality opinion), Sorlucco v. New York City Police Dep't, 971 F.2d 864, 871 (2d Cir. 1992); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employee's interact, City of

Canton v. Harris, 489 U.S. 378, 388 (1989); Jenkins v. City of New York, 478 F.3d 76, 94 (2d. Cir. 2007); Saleh v. City of New York, No. 06 Civ. 1007 (SHS), 2007 U.S. Dist. LEXIS 92193, at *28 (S.D.N.Y. Dec. 17, 2007).

Here, Plaintiff appears to allege the third and fourth types of violations. Specifically, plaintiff alleges the third type of violation by alleging that there is a custom or policy of engaging in "falsification" by NYPD officers, including defendants. Complaint at ¶ 29. Plaintiff alleges the fourth type of violation by claiming that the City has a practice of inadequate screening, hiring, retaining, training, and supervising its employees.   Id., at ¶ 28.  Specifically, plaintiff alleges that the defendants were insufficiently trained regarding proper methods of investigation, and the probable cause necessary to make an arrest. Plaintiff fails to plausibly support these alleged violations.

**A.      Plaintiff Fails To Plausibly Allege The City's Failure To Train Or Supervise Which Caused Him To Suffer A Deprivation Of His Constitutional Rights**

If municipal liability is based on a failure to train or supervise, a plaintiff must show "deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989); Jenkins v. City of New York, 478 F.3d 76, 94 (2d Cir. 2007).  In order to demonstrate that the City's failure to train constitutes the requisite deliberate indifference, the plaintiff must satisfy three requirements:  "First, the plaintiff must show that a policymaker knows to a moral certainty that her employees will confront a given situation.  Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation.  Finally, the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights. Id. at 94 (emphasis added).

Here, Plaintiff does no more than provide a formulistic recitation of these elements without providing any factual support. Complaint, at ¶¶ 28-38, 60-69. This type of conclusory pleading is insufficient. <u>Twombly</u>, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); <u>Triano v. Town of Harrison</u>, 895 F. Supp. 2d 526 (S.D.N.Y. 2012) ("[T]he Second Circuit has made clear that Plaintiff must do more than merely state that the municipality's failure to train caused his constitutional injury."); <u>Simms</u>, 2011 U.S. Dist. LEXIS 115949, 2011 WL 4543051, at *2 n.3 ("Since [<u>Twombly</u> and <u>Iqbal</u>], courts in this district have generally required that plaintiffs provide more than a simple recitation of their theory of liability, even if that theory is based on a failure to train.").

In addition to deliberate indifference, a plaintiff must also identify "a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation." <u>Amnesty Am. v. Town of W. Hartford</u>, 361 F.3d 113, 129 (2d Cir. 2004) (quoting <u>City of Canton</u>, 489 U.S. at 391). In other words, a plaintiff must demonstrate that the municipal employee's "'shortcomings . . . resulted from . . . a faulty training program' rather than from negligent implementation of a sound program or other, unrelated circumstances." <u>Id</u>. at 129-30 (quoting <u>City of Canton</u>, 489 U.S. at 390-91). "The elements of an identified training deficiency and a close causal relationship, which together require the plaintiff . . . to prove that the deprivation occurred as the result of a municipal policy rather than as a result of isolated misconduct by a single actor, ensure that a failure to train does not collapse into respondeat superior liability." <u>Id</u>. at 130.

Here, Plaintiff fails to allege any specific facts in support of his theory that the City did not properly train or supervise its police officers.  Rather, Plaintiff simply makes the bald allegation.  The Second Circuit has held that "the simple recitation that there was a failure to train municipal employees . . . does not suffice to allege that a municipal custom or policy caused the plaintiff's injury in the absence of allegations of fact tending to support, at least circumstantially, such an inference."  <u>Dwares v. City of New York</u>, 985 F.2d 94, 100 (noting that a municipal liability claim requires the plaintiff to show that the City made a deliberate choice, implemented through the policy or custom alleged, that acted as the "moving force" behind the particular violation) <u>overruled on other grounds</u>, <u>Leatherman v. Tarrant County Narcotics & Coordination Unit</u>, 507 U.S. 163 (1993).

Last month, Judge Pauley addressed this very problem – generic, reusable, <u>Monell</u> claims that lack any case-specific, good-faith basis.

> THE COURT:  First of all, the Monell claim reads like a social essay -- it doesn't seem to have any direct connection to the plaintiff in this case ….How many times have you grafted this Monell claim onto a Section 1983 claim?  Because it seems very generic, which is why I'm asking this.  And I can't imagine that you drafted it just for this case.
>
> COUNSEL:  Many.
>
> THE COURT:  As I suspected…. I don't know how you can allege, in this case…that 'the city of New York knew or should have known of the defendant officer's propensity to engage in misconduct of the type alleged in this complaint...'. Do you have any information that Officer Thomas engaged in the type of conduct alleged in the complaint prior to February 8, 2013?
>
> COUNSEL:  Not right now, Judge.
>
> THE COURT:  All right. I think there's something really wrong with making those kinds of allegations without having any information to support them. …Rule 11 requires you to be certifying that you have a good-faith basis to be making such a claim.  And I really don't see why that claim just shouldn't be dismissed from the case, because it's just boilerplate.

Rodriguez v. City of New York, 16-cv-96 (WHP) (transcript attached as Appendix).

As the Complaint is completely void of facts supporting Plaintiff's allegation that the City failed to train or supervise Sergeant Lian or Detective Torres (or any of the other John and Jane Doe officers) and is also bereft of allegations that such failure caused Plaintiff's injury, Plaintiff's municipal liability claim based on a failure to train or supervise cannot be sustained.

**B.      Plaintiff Fails To Plausibly Allege A City Policy Or Custom Of Police Misconduct Which Caused Him To Suffer A Deprivation Of His Constitutional Rights**

Plaintiff alleges that the City has a policy of falsification.  Complaint, at ¶ 29. However, Plaintiff does not adequately support this allegation.

A plaintiff alleging municipal liability based on the existence of a City policy or custom must support his allegation by alleging facts which demonstrate the existence of such a policy or custom.  Dwares, 985 F.2d at 100 ("the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." ); Tchatat v. City of New York, 2015 U.S. Dist. LEXIS 115093, at *29 (S.D.N.Y. Aug. 28, 2015) citing Lowery v. City of New York, No. 10 Civ. 7284, 2014 U.S. Dist. LEXIS 77533, 2014 WL 2567104, at *6 (S.D.N.Y. June 6, 2014) (collecting cases and holding that "boilerplate, conclusory allegations" that simply "reiterate the 'custom and policy' language in Monell . . . are insufficient to withstand dismissal"); Cuevas v. City of New York, 07 Civ. 4169 (LAP) 2009 U.S. Dist. LEXIS 114984, at *10-12 (S.D.N.Y. Dec. 7, 2009) (boilerplate allegations against City "heavy on descriptive language," but "light on facts" does not satisfy the pleading requirements set forth in Iqbal).

Here, Plaintiff does not allege facts to support his alleged theory of municipal liability premised on the existence of customs or policies.  Instead, Plaintiff simply states that the City "is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal

Affairs Bureau, and the City of New York's Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: proper methods of investigation, the probable cause necessary to make an arrest, and engage in a practice of falsification." Complaint, at ¶ 29.  This general allegation, which in the first instance appears to speak more towards a failure to train theory, rather than a custom or policy theory of municipal liability, is, in any event, insufficient to support Plaintiff's claims.  Peterec v. City of New York, No. 14 Civ. 309, 2015 U.S. Dist. LEXIS 28504, 2015 WL 1027367, at *7 (S.D.N.Y. Mar. 6, 2015) (granting motion to dismiss because "Plaintiff's references to unconnected, irrelevant litigation are patently inadequate to allege a policy or custom of the City, let alone allege that that policy or custom is the one that gave rise to Plaintiff's alleged violation"); Simms v. City of New York, 480 Fed. Appx. 627, 630 (2d Cir. 2012) (citing to another civil lawsuit does not state a claim for municipal liability because the fact of the lawsuit shows only that the allegation was made, "not that those violations actually occurred"); Lipsky v. Commonwealth United Corp., 551 F.2d 887, 892-94 (2d Cir. 1976) (holding that, absent adjudication on the merits, prior legal proceedings have no evidentiary bearing in future proceedings); In re CRM Holdings, Ltd., No. 10 Civ. 975 (RPP), 2012 U.S. Dist. LEXIS 66034, at *78 (S.D.N.Y. May 10, 2012) ("Plaintiffs' citation to 'unproven allegations' made in [other] complaints do not constitute factual allegations.").

Plaintiff also references Judge Weinstein's 2009 statement in Colon v. City of New York, WL 4263362, *2 (E.D.N.Y. 2009) regarding antidotal evidence of falsification by NYPD police officers.  Indeed, plaintiff's counsel repeatedly includes Judge Weinstein's

statement in his <u>Monell</u> claims.[3]   Yet, merely citing to a seven-year old decision by Judge Weinstein does not open the doors to a viable <u>Monell</u> claim. Indeed, if the contrary were true, and a plaintiff could establish the existence of unconstitutional policies and customs by vaguely referencing Judge Weinstein's decision, or for that matter, by vaguely referencing the existence of unspecified litigation, notices of claim, or CCRB complaints, any plaintiff could simply paste similar language into his complaint, thereby surviving a motion to dismiss and gaining access to costly and burdensome discovery.  This would exhaust the City's already overtaxed resources and further overcrowd the Court's docket with claims that have no chance of success on the merits.

The only specific incident of police misconduct that Plaintiff references in his Complaint is the one that he claims to have endured.  Complaint, *in passim*.  This isolated incident is insufficient to establish a policy or custom in support of Plaintiff's <u>Monell</u> claim. <u>City of Okla. City v. Tuttle</u>, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under <u>Monell</u> . . . ."); <u>Sorlucco v. New York City Police Dep't</u>, 971 F.2d 864, 871 (2d Cir. 1992) (municipality may not be held liable under § 1983 for isolated unconstitutional acts of its employees); <u>Triano v. Town of Harrison</u>, 895 F. Supp. 2d 526 (S.D.N.Y. 2012) ("The only facts included in Plaintiff's Amended Complaint relate to Plaintiff's own arrest by [police], and it is well settled that a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the government.").

---

[3] <u>See</u> e.g. <u>Santos Guerrero v. City of New York</u>, 16-CV-00516 (JPO) (filed January 28, 2016); <u>Gondola v. City of New York</u>, 1:16-cv-00369-ENV (E.D.N.Y. filed January 22, 2016); <u>Gonzalez-Polanco v. City Of New York et al.</u>, 16-cv-00519-GBD (S.D.N.Y. filed January 22, 2016); <u>Desmon Goins v. City of New York</u>, 15-CV07105 (PKC) (E.D.N.Y. filed December 14, 2015); <u>Robert Morales v. City of New York</u>, 15-CV-05815 (ARR) (E.D.N.Y. filed October 8, 2015), <u>Fabian Rivera v. City of New York</u>, 15-CV-02842 (CBA) (E.D.N.Y. filed May 15, 2015).

Not only has Plaintiff failed to plausibly allege the existence of policies and customs of police misconduct, he also has not alleged any facts to support the notion that such polices and customs caused his constitutional violation.  This flaw alone is fatal to his claim for municipal liability.  City of Canton, 489 U.S. at 385; Vippolis, 768 F.2d at 44.

In short, Plaintiff's municipal liability claim is nothing more than a formulaic recitation of the elements of the cause of action.  Indeed, Plaintiff does not point to a single incident, let alone a pattern, of false arrest for possessing stolen police radios or a pattern of failure to train or falsification of documents which can support his municipal liability claim.  Plaintiff also has not made any allegations that there is an affirmative link between City policies and customs and Plaintiff's injuries.  To allow Plaintiff's baseless accusations to survive would undermine the Court's holding in Monell and vitiate the standard set forth in Iqbal, 129 S. Ct. at 1950 ("Rule 8. . . does not open the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Accordingly, Defendants respectfully request that Plaintiff's sixth cause of action for municipal liability be dismissed.

## POINT II

## PLAINTIFF'S NEGLIGENCE CLAIMS SHOULD BE DISMISSED

Plaintiff asserts three negligence claims: negligent screening and hiring (eleventh cause of action), negligent training and supervision (twelfth cause of action), and plain negligence (thirteenth cause of action).  All are unfounded, both factually and legally.

Plaintiff's state law claims for negligent screening, hiring and retention (eleventh cause of action) and negligent training and supervision (twelfth cause of action) suffer from the same infirmities as plaintiff's Monell claim, and should be dismissed for the same reasons. Plaintiff's eleventh and twelfth causes of action are merely formulaic recitations of the elements

11

of the claims. Plaintiff has not proffered any actual facts which support his allegation that the City was negligent in screening, hiring, retaining, training or supervising Sergeant Lian or Detective Torres, or any of the other John and Jane Doe defendants. Rather, plaintiff seems to assert the causes of action merely as a scare tactic to make what could have been a relatively straight-forward complaint, seemingly larger and more complex than it is.  Such pleading does not comport with Iqbal or Twombly and these threadbare causes of action should be dismissed.

In addition, plaintiff's negligence claims fail because she does not allege facts showing the existence of a duty owed to him, which he must do under New York State law.  To state a claim for negligence under New York law, a plaintiff must plausibly allege three elements: "'(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'"  Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d Cir. 2000) (quoting Akins v. Glens Falls City Sch. Dist., 53 N.Y.2d 325, 333 (1981).  A plaintiff must show a specific duty owed by defendant to plaintiff rather than a general duty to society.  Philip v. Beutsche Bank National Trust, 2014 U.S. Dist. LEXIS 140562 at *22 (S.D.N.Y. Sept. 30, 2104); Lauer v. City of New York, 95 N.Y.2d 95, 711 N.Y.S.2d 112, 116 (2000).  Since plaintiff fails to allege facts showing any specific duty owed by the City to plaintiff, plaintiff's negligence claims must be dismissed.

Further, these claims should be dismissed because the individual defendants' purported wrongful conduct is alleged to have taken place within the scope of their employment. (See Complaint at ¶¶ 9-11, 35-36).   Where an employee is acting within the scope of employment, thereby rendering the employer liable for any damages caused by the employee's conduct under a theory of respondeat superior, no claim may proceed against the employer for negligent screening, hiring, training or supervision.  Holland v. City of Poughkeepsie, 90 A.D.3d

841, 935 N.Y.S.2d 583, 592-93 (2d Dept 2011); Neiger v. City of New York, 72 A.D.3d 663, 897 N.Y.S.2d 733, 734 (2d Dep't 2010);  Karoon v. New York City Transit Auth., 241 A.D.2d 323, 659 N.Y.S.2d 27, 29 (1st Dep't 1997).  This makes sense because if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, then the employer must pay the judgment regardless of its direct negligence in hiring, training or supervising the employee.  See, e.g., Sugarman v. Equinox Holding, 73 A.D.3d 654, 901 N.Y.S.2d 615, 616 (1st Dep't 2010).  As noted above, the complaint alleges that the individual defendants were employed by the City and were acting within the scope of their employment at the time of the alleged underlying events.  Accordingly, plaintiff's claims for negligence against the City should be dismissed.

Plaintiff's direct claim for negligence against the individual officers should also be rejected outright. Where plaintiff alleges intentional conduct, a plaintiff cannot pursue a negligence theory.  See, e.g., LaLonde v. Bruce, 166 F. Supp. 2d 713, 719-20 (N.D.N.Y. 2001); Barraza v. Sambade, 212 A.D.2d 655, 622 N.Y.S.2d 964, 965 (2d Dep't 1995).  As plaintiff alleges throughout her complaint that the individual defendants acted intentionally, her claim for negligence against them must fail.

### III.

### PLAINTIFF'S MALICIOUS PROSECUTION
### CLAIMS FAIL AS A MATTER OF LAW

In Plaintiff's third and tenth causes of action, plaintiff alleges federal and state malicious prosecution claims against defendants Sergeant Lian and Detective Torres. Both claims fail as a matter of law.

To establish a claim of malicious prosecution under New York law, a plaintiff must prove, inter alia:  "(1) the initiation or continuation of a criminal proceeding against

plaintiff by the defendant; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997).  In addition to these state law elements, a malicious prosecution claim brought under § 1983 requires showing "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Rohman v. New York City Transit Authority, 215 F.3d 208, 215 (2d Cir. 2000). "Because accusers must be allowed room for benign misjudgments, … the law places a heavy burden on malicious prosecution plaintiffs." Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004) (quotations and citations omitted).

      The Second Circuit has held that "[i]nitiation in [the context of malicious prosecution] is a term of art," involving more than merely reporting a crime and giving testimony; "it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." Rohman, 215 F.3d at 217; see also Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. 2010).  "One who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding." Rohman, 215 F.3d at 217 (citing Present v. Avon Products, Inc., 687 N.Y.S.2d 970, 971 (1st Dep't. 1999)); see also Husbands v. City of New York, 05 Civ. 9252 (NRB), 2007 U.S. Dist. LEXIS 61042, at *32 (S.D.N.Y. Aug. 16, 2007) aff'd 2009 U.S. App. LEXIS 14122 (2d Cir. June 30, 2009) (quoting Present v. Avon Products, Inc., 253 A.D.2d 183, 189-90, 687 N.Y.S.2d 330 (N.Y. App. Div. 1st Dep't 1999)).

      Here, plaintiff does not allege that either of the defendants did anything to importune the prosecutor to act.  Rather, he merely alleges that Sergeant Lian conveyed information to the prosecutor.  Merely providing information to the prosecutor is insufficient to

form the basis for a malicious prosecution claim.  Lafrance v. Bemben, No. 10-CV-4583 (SLT) (MDG), 2013 U.S. Dist. LEXIS 4013, at *16-18 (E.D.N.Y. Jan. 7, 2013) (granting defendants summary judgment on plaintiff's malicious prosecution claim where arresting officers merely conveyed information to the District Attorney's Office and, thus, did not initiate the prosecution).  Defendant does not allege that Detective Torres had any contact whatsoever with the prosecutor. Accordingly, plaintiff's claim for malicious prosecution should be dismissed as a matter of law.

## IV.

### PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR FAILURE TO INTERVENE

A police officer may be liable for failure to intervene if he or she observes or has reason to know that other officers are violating someone's constitutional rights.  Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994).  Liability, however, may attach only when, "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene."  Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988).  Plaintiff has not alleged any facts whatsoever that support this cause of action.  Instead, Plaintiff simply attempts to recite the elements of the claim.  Complaint, at ¶¶ 52-56.  In doing so, however, Plaintiff fails to even allege that Defendants had a realistic opportunity to intervene. For this reason alone, Plaintiff's claim for failure to intervene must fail.  Jean-Laurent v. Wilkerson, 461 Fed. Appx. 18 (2d Cir. N.Y. 2012) ("The District Court properly concluded that the First Amended Complaint failed to allege facts showing that [defendants] had a reasonable opportunity to intercede to stop the first alleged violation.").

15

Plaintiff's cause of action for failure to intervene must also be dismissed because Plaintiff alleges that Defendants Lian and Torrest (the defendants against whom the failure to intervene charge is levied) engaged in false arrest themselves.  A defendant cannot be liable for both direct participation in a constutional violation, such as false arrest and for failing to intervene.  Morgan v. County of Nassau, 720 F. Supp. 2d 229, 240 (E.D.N.Y. 2010) (the Court finds that there are insufficient facts alleged to state a claim against either of [these defendants] for failure to intervene, particularly in light of the fact that [the officer] is alleged himself to have used excessive force); Chepilko v. City of New York, No. 06-cv-5491 (ARR)(LB), 2012 U.S. Dist. LEXIS 15110, at *26 n.5 (E.D.N.Y. Feb. 6, 2012).

For both of these reasons, Plaintiff's fourth cause of action for failure to intervene should be dismissed.

## V.

## PLAINTIFF'S CLAIM FOR SUPERVISORY LIABILITY MUST BE DISMISSED

Plaintiff asserts a claim for supervisory liability against the "supervisory defendants".  See Complaint at ¶ 57-59.  Plaintiff neither states who the supervisory defendants are, or what it is they are alleged to have done. Id. in passim.  The most that Plaintiff states is that the supervisory defendants failed to properly train their subordinates. Id. at ¶ 58.  However, Plaintiff fails to state who the subordinates were, or what specific training failures caused his injury. Plaintiff's allegations do not meet the requirements of Rule 8.

To satisfy the notice pleading standard of Rule 8, the complaint must give the defendant fair notice of plaintiff's claim and the grounds on which it rests.  Jones v. National Commun. & Surveillance Networks, 409 F. Supp. 2d 456, 464 (S.D.N.Y. 2006); Appalachian Enterprises v. Epayment Solutions, 01 CV 11502(GBD), 2004 U.S. Dist. LEXIS 24657 at *20

(S.D.N.Y. Dec. 8, 2004) (where plaintiff has made no attempt to differentiate in pleading which act was taken by which party, he has failed to satisfy the notice pleading standard) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002), Conley v. Gibson, 355 U.S. 41, 47 (1957), and Wynder v. McMahon, 360 F.3d 73, 78 (2d Cir. 2004)).   A complaint must identify a particular defendant who committed the specific act of alleged wrongdoing against plaintiff. Appalachian, 2004 U.S. Dist. LEXIS 24657 at *21, 26.   A plaintiff fails to satisfy Rule 8, where the complaint "lump[s] all the defendants together and fail[s] to distinguish their conduct" because such "allegations fail to give adequate notice to the [] defendants as to what they did wrong."  Id. at *21 (quoting Medina v. Bauer, 02 Civ. 8837 (DC), 2004 U.S. Dist. LEXIS 910 at *17 (S.D.N.Y. Jan. 27, 2004)) (other citations omitted).

Moreover, a plaintiff must establish § 1983 liability as to a particular individual. An individual defendant is liable only when he personally "subjects, or causes to be subjected" any person to the deprivation of any federal right.  Taylor v. Brentwood Union Free Sch. Dist., 143 F.3d 679, 685 (2d Cir. 1998).  Accordingly, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983."  Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) (quoting McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978)); Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001).

Here, where plaintiff neither identifies the supervisory defendants nor the subordinate defendants, and likewise fails to plead with factual specificity what supervisory failures occurred, he has plainly not met the Rule 8 pleading standard, and his fifth cause of action for supervisory liability should be dismissed.

## POINT VI

### PLAINTIFF'S CLAIM FOR VIOLATION
### OF THE NEW YORK STATE CONSTITUTION SHOULD
### BE DISMISSED BECAUSE HIS CLAIMS ARE REMEDIABLE UNDER § 1983

There is no private right of action under the New York State Constitution for claims that are remediable under § 1983 or other state laws.  Batista v. City of New York, 2007 U.S. Dist. LEXIS 71905 at *30 (S.D.N.Y. Sept. 24, 2007).  See also Lee v. Corneil, 2016 U.S. Dist. LEXIS 44660 (S.D.N.Y. Mar. 31, 2016) ("Because section 1983 provides remedies for Lee's state constitutional claims of unreasonable search and seizure and violation of due process, he does not have a private right of action under the New York state constitution."); Pace v. Town of Southampton, 678 F. Supp. 2d 79, 88 (E.D.N.Y. 2010) ("Given that any violation of the Plaintiff's Fourth Amendment rights can be vindicated through her Section 1983 claim, it follows that she has no private right of action under the New York State Constitution.").  Accordingly, plaintiff's fourteenth cause of action for violation of the New York State Constitution should be dismissed.

## POINT VII

### ALL CLAIMS AGAINST OFFICER TORRES AND
### THE JOHN DOE DEFENDANTS SHOULD BE DMISSED

Plaintiff's complaint fails to give defendant Torres (or, for that matter, the Doe defendants) fair notice of the claims against him as required by Rule 8.  Plaintiff improperly alleges each of the claims against all of the defendants collectively, although the only defendant for whom plaintiff describes identifiable conduct is defendant Lian. The complaint thus fails to conform to the pleading requirements of Rule 8(a)(2).  See, e.g., Brandon v. City of New York, 705 F. Supp. 2d 261, 268-69 (S.D.N.Y. 2010) (Rule 8 requires fair notice to each officer of the claims asserted against him by identifying supporting facts); Sforza v. City of New York, 2009

U.S. Dist. LEXIS 27358 at *19-21 (S.D.N.Y. Mar. 31, 2009) (granting motion to dismiss where plaintiff sued multiple officers and failed to allege the personal involvement of any in any of the actions that allegedly violated her rights).

## **CONCLUSION**

For the all the reasons set forth herein, Defendants respectfully request that the Court dismiss Plaintiff's third, fourth, fifth, sixth, tenth, eleventh, twelfth, thirteenth and fourteenth causes of action malicious prosecution, failure to intervene, supervisory liability, municipal liability, state law malicious prosecution, negligent screening, hiring and retention, negligent training and supervision, negligence and violation of the New York State constitution, respectively.

DATED:      New York, New York
            June 13, 2016

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                        City of New York
                                        *Attorney for Defendants*
                                        100 Church Street
                                        New York, New York  10007
                                        (212) 356-2335
                                        efudim@law.nyc.gov

                                               /s/ Elissa Fudim
                                        By: _____
                                            Elissa P. Fudim

19