
Brett H. Klein, Esq., PLLC
305 Broadway, Suite 600
New York, New York 10007
T: (212) 335-0132  F: (212) 335-0571

July 20, 2016

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
40 Foley Square
New York, New York 10007

      Re:    *Martin Bleiwas v. City of New York, et al.*, 15 CV 10046 (ER)

Dear Judge Ramos:

      I represent the plaintiff in the above-referenced civil rights action. I write pursuant to the Court's July 13, 2016 Order, ECF Doc. 26, to address the substantive changes in the amended complaint, and to explain why the filing of the amended complaint renders defendants' motion to dismiss moot.

      As an initial matter, plaintiff maintains today, as he did at the pre-motion conference, that plaintiff's original complaint was more than facially sufficient, and defendants should not move, if at all, until discovery is complete, as the claims they seek to dismiss do not meaningfully affect the scope of discovery that is proceeding no matter the outcome of the motion. Per the Court's request at the pre-motion conference that the parties try to work something out to avoid needless motion practice, we have offered to bifurcate plaintiff's *Monell* claim while the underlying incident is litigated. While this potential resolution would avoid burdening the Court with motion practice, defendants have refused this offer, and insist on prosecuting their partial 12(b)(6) motion.

      Notwithstanding, it is not and has never been plaintiff's assertion that plaintiff's amended complaint mooted all of the purported bases for defendants' motion to dismiss. The filing of an amended complaint, however, does in fact render the prior pleading moot as a matter of law, and has the same effect on defendants' motion to dismiss. "It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case." *Azkour v. Haouzi*, No. 11 Civ. 5780(RJS)(KNF), 2012 WL 1681438, at *1 (S.D.N.Y. Apr. 25, 2012). Further, where a complaint has been rendered moot by the filing of an amended complaint, a defendants' motion to dismiss the complaint will also be rendered moot. *See Fredericks v. City of New York*, 12 CV 3734 (RWS), 2012 WL 3667448, *1 (S.D.N.Y. Aug. 27, 2012). *See also*, Haw *Par Health Care, Ltd. v. Wardard China & Porcelain, Inc.*, No. 05 Civ. 4152, 2007 WL 188736, at *1 (S.D.N.Y. Jan. 23, 2007).

Counsel cites no authority to rebut the holdings of *Shields* and the other cases cited by plaintiff *supra,* and in ECF Doc. 24. In addition to the foregoing, we respectfully draw the Court's attention to the attached order issued today in another case handled by the undersigned and Ms. Fudim. The Court *sua sponte* denied Ms. Fudim's request for a pre-motion conference for partial dismissal of that plaintiff's complaint based on the filing of an amended complaint.

Here, plaintiff had a right to amend the complaint either within 21 days of the filing of defendants' motion to dismiss pursuant to Federal Rule 15(a), or by July 11 pursuant to the Court's order set at the initial conference. Plaintiff thus timely amended, and in so doing, the complaint and defendants' motion to dismiss were mooted as a matter of law.

While no substantive changes were required to moot defendants' motion, as the filing of an amended complaint in and of itself performs this function, plaintiff did in fact make substantive changes beyond adding new defendants in the amended complaint. In particular, paragraphs 15 through 18, 23 to 24, 30, and 32 through 35, all contain amplified allegations that further nullify defendants' original motion. For example, paragraph 32 amplifies the factual support for plaintiff's supervisory liability claim, and paragraphs 34 and 35 amplify the allegations in support of plaintiff's negligence claim.

In conclusion, plaintiff filed an amended complaint which contains both new parties and amplified allegations, all of which render the original complaint and defendants' motion of no legal effect. Accordingly, defendants' letter motion to compel (ECF Doc. 25) should be denied.

Thank you for your consideration.

Respectfully,

/s/ Brett Klein

Brett H. Klein

Enc.
cc: Elissa Fudim (by ECF)