UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MARTIN BLEIWAS,

                                                           Plaintiff,                            15 CV 10046 (ER)
        -against-

CITY OF NEW YORK, LEON LIAN, Individually, ALFREDO
TORRES, Individually, GEORGE GOMEZ, Individually,
MIRIAM LORENZO, Individually, DENNIS BOWMAN,
Individually, CHRISTOPHER KENNIS, Individually,
ESTHER BUENO, Individually, CARL LAI, Individually,
WOJCIECH LIPINSKY, Individually, PIERRE BARBEE,
Individually, JOHN HAND, Individually, and JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                                      Defendants.

-------------------------------------------------------------------------------X


# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION PURSUANT TO LOCAL CIVIL RULE 6.3


**BRETT H. KLEIN, ESQ., PLLC**
*Attorneys for the Plaintiff*
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

**PRELIMINARY STATEMENT**

Plaintiff Martin Bleiwas respectfully submits this memorandum of law in opposition to the defendants' motion for reconsideration pursuant to Local Civil Rule 6.3.  Defendants move this Court to reconsider its August 14, 2017 Opinion and Order (hereinafter "Order") denying defendants' motion to dismiss plaintiff's failure to intervene claim as to defendants Gomez, Lorenzo, Bowman, Kennis, Torres, Bueno, Lai, and Lipinski, and his supervisory liability claim as to defendants Gomez, Lorenzo, Bowman, and Kennis.  For the reasons set forth herein, the Court properly denied defendants' motion to dismiss as to said claims, and the Court's Order should therefore not be disturbed.

**STANDARD OF REVIEW**

The standard for granting a motion for reconsideration requires that the moving party point to "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[t]he only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court.") *See also Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y. 1990).

**ARGUMENT**

**POINT I**
**THE DEFENDANTS' MOTION FOR RECONSIDERATION AS TO PLAINTIFF'S FAILURE TO INTERVENE CLAIM SHOULD BE DENIED**

Defendants argue that plaintiff's failure to intervene claim against defendants' Gomez, Lorenzo, Bowman, Kennis, Torres, Bueno, Lai, and Lipinski should be dismissed because the Court found that said defendants were entitled to qualified immunity for their role in the false arrest of plaintiff. Defendants' argument fails because in considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). Here, as the Court found, plaintiff plausibly alleged facts supporting his false arrest claim sufficient to establish an underlying constitutional violation. *See* ECF Doc. 80 p. 15-16. Plaintiff further plausibly alleged that defendants Gomez, Lorenzo, Bowman, Kennis, Torres, Bueno, Lai, and Lipinski's presence during plaintiff's false arrest, and their awareness that plaintiff claimed to have receipts that proved that the radios which he was being arrested for had been lawfully purchased at a City auction, such that said defendants had reason to know plaintiff was being falsely arrested. *Id.* at p. 15. Based on the foregoing, the Court properly and unambiguously found that plaintiff was entitled to discovery to determine which officers were present and failed to intervene. *Id.* at p. 16. Defendants have pointed to no controlling decisions or data that the court overlooked in rendering the above findings, and it is well settled that a motion for reconsideration is not an opportunity to relitigate an issue already decided. *See Shrader*, 70 F.3d at 257. The Court's findings should thus not be disturbed.

**POINT II**
**THE DEFENDANTS' MOTION FOR RECONSIDERATION AS TO PLAINTIFF'S SUPERVISORY LIABILITY CLAIM SHOULD BE DENIED**

Defendants argue that plaintiff's supervisory liability claim against defendants Gomez, Lorenzo, Bowman, and Kennis should be dismissed for the same reasons that they argue plaintiff's failure to intervene claim should be dismissed against said defendants. However, as the Court found, plaintiff's complaint plausibly alleged the supervisory defendants' direct participation in his constitutional violations, which is sufficient to support plaintiff's supervisory liability claim. *See e.g.*, *Gondola v. City of New York*, 16 CV 369 (ENV) (SMG), Aug. 19, 2016 Minute Order (denying request to move to dismiss plaintiff's supervisory liability claim on the basis that the pleadings sufficiently alleged the supervisor's personal involvement in the purportedly unlawful acts) (citing *Bah v. City of New York*, No. 13 Civ. 6690 (PKC) (KNF), 2014 WL 1760063, at *9 (S.D.N.Y. May 1, 2014)). Defendants have again failed to cite any controlling decisions or data that the court overlooked in rendering the above findings, and it is well settled that a motion for reconsideration is not an opportunity to relitigate an issue already decided. *See Shrader*, 70 F.3d at 257. Therefore, the Court's findings in this regard should not be disturbed.

3

## CONCLUSION

For the foregoing reasons, the defendants' motion for reconsideration should be denied, together with such other relief to plaintiffs as the Court deems just and proper.

Dated: New York, New York
October 2, 2017

                                        BRETT H. KLEIN, ESQ., PLLC
                                        Attorneys for the Plaintiff
                                        305 Broadway, Suite 600
                                        New York, New York 10007
                                        (212) 335-0132

                                By:     s/ Brett H. Klein
                                        BRETT H. KLEIN, ESQ. (BK4744)
                                        LISSA GREEN-STARK (LG7510)