UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN BLEIWAS,

                Plaintiff,

- against -

CITY OF NEW YORK, LEON LIAN, ALFREDO TORRES, GEORGE GOMEZ, MIRIAM LORENZO, DENNIS BOWMAN, CHRISTOPHER KENNIS, ESTHER BUENO, CARL LAI, WOJCIECH LIPINSKY, PIERRE BARBEE, JOHN HAND, and JOHN and JANE DOE 1 through 10,

                Defendants.

**OPINION AND ORDER**

15 Civ. 10046 (ER)

Ramos, D.J.:

    Plaintiff Martin Bleiwas brings this action pursuant to 42 U.S.C. § 1983 against the City of New York, and individual Defendants Sergeant Leon Lian, Detective Alfredo Torres, Sergeant George Gomez, Deputy Inspector Miriam Lorenzo, Lieutenant Dennis Bowman, Lieutenant Christopher Kennis, Detective Esther Bueno, Detective Carl Lai, Detective Wojciech Lipinsky, Pierre Barbee, and Lieutenant John Hand (together "Defendants"), claiming, among other things, false arrest, malicious prosecution, denial of the right to a fair trial, and failure to intervene in violation of his Fourth and Fourteenth Amendment rights. On August 15, 2017, the Court granted in part and denied in part Defendants' motion to dismiss (the "Order").[1] (Doc. 80). Specifically, the Court granted Defendants' motion to dismiss Plaintiff's: (1) denial of a fair trial claim against Sergeant Gomez, Deputy Inspector Lorenzo, Lieutenants Bowman and

---

[1] The facts and procedural history of this case are discussed in the Order, familiarity with which is presumed.

Kennis, and Detectives Torres, Bueno, Lai, and Lipinski; (2) common law battery claim; (3) state constitutional tort claim; and (4) Monell liability and negligence claims against the City.  The Court, however, denied Defendants' motion to dismiss with respect to Plaintiff's:  (1) state and federal malicious prosecution claim against Sergeant Lian, Lieutenant Hand, and Barbee, and state malicious prosecution claim against the City; (2) fair trial claim against Sergeant Lian, Lieutenant Hand, and Barbee; (3) failure to intervene claim against the individual Defendants; and (4) supervisory liability claim against Sergeants Lian and Gomez, Deputy Inspector Lorenzo, and Lieutenants Bowman, Kennis, and Hand.

Defendants now move, pursuant to Local Civil Rule 6.3, for partial reconsideration of the Order, arguing that the Court should dismiss Plaintiff's failure to intervene claims against Defendants Sergeant Gomez, Deputy Inspector Lorenzo, Lieutenants Bowman and Kennis, and Detectives Torres, Bueno, Lai, and Lapinski (collectively, the "Search Warrant Execution Defendants"[2]), as well as the supervisory liability claim with respect to Sergeant Gomez, Deputy Inspector Lorenzo, and Lieutenants Bowman and Kennis.  Memorandum of Law in Support of Defendants' Motion for Reconsideration ("Defs.' Mem.") (Doc. 85).

For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

I. **Legal Standard**

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration of a court's order on a motion only where the court has overlooked controlling decisions or factual matters

---

[2] These individual Defendants are so named because their central involvement in this case was having assisted in the execution of the search warrant and arrest at issue here.

2

that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); *see also* Local R. 6.3. Under such circumstances, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation marks omitted). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court. *Premium Sports Inc. v. Connell*, No. 10 Civ. 3752 (KBP), 2012 WL 2878085, at *1 (S.D.N.Y. June 11, 2012) (citing *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## II. Discussion

### A. Failure to Intervene

Defendants assert that the Court should have dismissed the failure to intervene claim against the Search Warrant Execution Defendants because the Court's dismissal of certain other claims necessarily precludes a finding of liability on the failure to intervene claim. Specifically, Defendants argue that the Court's dismissal of the underlying false arrest, malicious prosecution, and denial of fair trial claims as to the Search Warrant Execution Defendants "necessarily establishes that" these Defendants had "no reason to know" that Plaintiff's constitutional rights were being violated, and therefore also had "no opportunity to intervene" to prevent the alleged violations. Defs.' Mem. at 4–5. In response, Plaintiff contends that the Court correctly decided the issue and that Defendants are not entitled to "relitigate an issue already decided." Plaintiff's Memorandum of Law in Opposition to Motion for Reconsideration ("Pl.'s Mem. in Opp.") (Doc. 88) at 2.

"An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used (2) that a citizen has been unjustifiably arrested or (3) that any constitutional violation has been committed by a law enforcement official." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (citations omitted). However, "'[i]n order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring.'" *Id*.

In the Order, the Court explicitly dismissed the Search Warrant Execution Defendants from each of the underlying substantive claims. With respect to the false arrest claim, the Court found that the Search Warrant Execution Defendants acted reasonably in arresting Plaintiff because they were entitled to "rely on the search warrant and Sergeant Lian's direction." Order

4

at 9. With respect to the malicious prosecution and denial of the right to a fair trial claims, the Court concluded that the Search Warrant Execution Defendants were neither alleged to have initiated the prosecution, nor plausibly alleged to have created or forwarded false information, respectively. Order at 11–14. Although the Search Warrant Execution Defendants may have had "no reason to know" that Plaintiff was being falsely arrested, it does not follow that, following Plaintiff's arrest and detention, they necessarily had no reason to know that none of his constitutional rights were being violated. That is to say, in the nine months following Plaintiff's arrest[3] and in view of Plaintiff's claims of having lawfully purchased the radios at a City auction, the Search Warrant Execution Defendants could have easily become aware of the truth of those claims and realized that there was no basis for prosecuting Plaintiff for criminal possession of the radios. Under that circumstance, even though they may not have initiated the prosecution against Plaintiff, the Search Warrant Execution Defendants could be held liable for failing to intervene to prevent Plaintiff's alleged malicious prosecution because they would have had a "realistic opportunity . . . to prevent [that] harm from occurring." *See Branen*, 17 F.3d at 557; Order at 15. Plaintiff's allegation that the Search Warrant Execution Defendants "failed to intervene in [P]laintiff's . . . prosecution despite a reasonable opportunity to do so," Amended Complaint, (Doc. 23) ¶ 33, is sufficient to survive dismissal. *See Matthews v. City of New York*, 889 F. Supp. 2d 418, 444 (E.D.N.Y. 2012) ("Where a plaintiff has properly alleged a constitutional violation, he is 'entitled to discovery to determine which officers participated directly in the alleged constitutional violations and which officers were present and failed to intervene.'")). That being said, the Court agrees with Defendants that the Search Warrant Execution Defendants

---

[3] Plaintiff was arrested on April 9, 2015, and appeared in New York Country Criminal Court on June 1 and June 24, 2015, before the charges were ultimately dropped on September 9, 2015. *See* Order at 2–3.

5

could not be held liable for failing to intervene to prevent the alleged false arrest of Plaintiff, because the Search Warrant Execution Defendants reasonably relied on the search warrant and were not privy to the information shared between Sergeant Lian, Lieutenant Hand, and Barbee at the time of the arrest.  *See* Order at 7–8.

Accordingly, Defendants' motion for reconsideration is DENIED with respect to Plaintiff's claim that Defendants failed to intervene to prevent his malicious prosecution, but GRANTED insofar as Plaintiff's failure to intervene claim is premised on the alleged false arrest.

   B. **Supervisory Liability**

Defendants next urge the Court to dismiss the supervisory liability claim against Gomez, Lorenzo, Bowman and Kennis because the Court's order "reflects that these Defendants had no personal involvement in any alleged constitutional violation."  Defs.' Mem. at 7.  Conversely, Plaintiff asserts that the Court's decision should not be disturbed because the Court found that Plaintiff had plausibly alleged that the supervisory Defendants were participants in his constitutional violation.  Pl.'s Mem. in Opp. at 3.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  That personal involvement can be shown by direct or indirect participation.  *Garnett v. City of New York*, No. 13 Civ. 7083 (GHW), 2014 WL 3950904, at *7 (S.D.N.Y. Aug. 13, 2014) (citing *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001)).  In either case, however, the defendant must have had "knowledge of the facts that rendered the action illegal."  *Provost*, 262 F.3d at 155 (footnote omitted); *see also id.* (stating that liability for indirect

participation may be imposed where defendant acts "with knowledge of the illegality").

In the Order, the Court concluded that the supervisory liability claim could go forward as to all supervisory defendants, despite concluding that Sergeant Lian, Lieutenant Hand, and Barbee were the only Defendants with sufficient knowledge and involvement to be held liable for the underlying substantive constitutional injuries alleged by Plaintiff. Because Gomez, Lorenzo, Bowman and Kennis did not have sufficient knowledge of, or culpable involvement in, the wrongful acts at the time those acts were committed, they cannot be held responsible under a theory of supervisory liability. *See id.* Defendants' motion for reconsideration with respect to the supervisory liability claims against Sergeant Gomez, Deputy Inspector Lorenzo, Lieutenants Bowman and Kennis is therefore GRANTED.

## II. Conclusion

For the reasons set forth above, Defendants' motion to reconsider is GRANTED in part and DENIED in part as follows:

- GRANTED insofar as Plaintiff's failure to intervene claim is premised on the alleged false arrest, but DENIED insofar as Plaintiff's failure to intervene claim is premised on his malicious prosecution claim.
- GRANTED with respect to the supervisory liability claims against Sergeant Gomez, Deputy Inspector Lorenzo, and Lieutenants Bowman and Kennis.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 84.

It is SO ORDERED.

Dated: January 11, 2018
New York, New York

Edgardo Ramos, U.S.D.J.