

**Brett H. Klein, Esq., PLLC**
305 Broadway, Suite 600
New York, New York 10007
T: (212) 335-0132  F: (212) 335-0571

January 17, 2018

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
40 Foley Square
New York, New York 10007

   Re: *Martin Bleiwas v. City of New York, et al.*, 15 CV 10046 (ER)

Dear Judge Ramos:

   I represent the plaintiff in the above-referenced civil rights action. I write to request an extension of discovery from the current deadline of January 19, 2018 to March 23, 2018. Aspects of this request are made on consent and others are not, as indicated below.

   First, with respect to the consent aspect of the motion, by way of background, over the past few months, defendants had been working to produce important outstanding documents in the case, including the investigative file for the Internal Affairs Bureau's (IAB) investigation into allegations made by plaintiff. Part of this file was produced in December 2017. Further, an important outstanding printout from a database maintained by the NYPD which was central to the criminal charges levied against plaintiff was produced by defendants in early January 2018. The IAB file, however, needs to be supplemented with certain attachments and audio recordings referenced in the file. Further, it has become clear after a review of the IAB file that there are at least two additional non-party depositions which the parties agree will need to be taken. One of the non-parties, however, has retired. Defendants have undertaken efforts to locate and produce the retired party, but have not yet been able to secure his appearance. Further, plaintiff served a Rule 30(b)(6) deposition notice on defendants on December 1, 2017, requesting that defendants produce a witness who has knowledge of City of New York's policies, practices, and procedures, from 1990 through the present, as they pertain to the auction of NYPD property, which, as the Court may recall, is a highly relevant issue in this case. It is plaintiff's understanding from defendants that while this request has been forwarded to the NYPD Legal Bureau, there has been some difficulty in identifying a qualified witness due to the remoteness of the time-period in question. While efforts are still ongoing, the parties have also discussed the possibility of foregoing a 30(b)(6) deposition, as the information being sought via a 30(b)(6) witness may be available through the retired non-party, once he is located.

   Based on the foregoing, the parties request on consent additional time for defendants to supplement the IAB file, to produce the two non-party witnesses discussed above for depositions, and for the City to identify and produce a 30(b)(6) witness, if such remains necessary and a witness can be identified by the City.

As to the aspect of the motion which is not made on consent, plaintiff also requests the aforementioned extension to depose certain defendants who were the subject of the recently decided motion for reconsideration (ECF Doc. 93). By way of background, the parties have exchanged hundreds of pages of discovery, and conducted the depositions of all key defendants, as well as some of the defendants who were the subject of the motion for reconsideration, referred to by the Court as the "search warrant defendants." In an effort to conserve resources and to avoid having police officers miss a day of duties unnecessarily, it was at defense counsel's initial request that the parties held off on completing the remaining depositions of the search warrant defendants pending the Court's decision, insofar as, in the event that said parties were dismissed from the action, it was likely that the depositions—several of them—may be rendered unnecessary. Counsel for defendants and plaintiff first discussed this approach in September, where, at defendants' request it was agreed that discovery as to the search warrant defendants be "stayed" pending the Court's decision and/or be conducted closer to the end of discovery. The parties then conferred with regard to these depositions again in mid-December. It was our understanding that the parties agreed that a requested discovery extension was likely going to be necessary to conduct a 30(b)(6) deposition, and that in light of the then still pending motion, the parties would continue to defer the search warrant depositions in the interest of proportionality and economy. At no time did defendants indicate that in the event the Court decided the motion in plaintiff's favor, defendants would not consent to producing the search warrant defendants after the current discovery deadline. Had defendants so indicated, plaintiff would have pressed forward with the depositions despite the pending motion, or raised any dispute with the Court forthwith.

Since the motion was decided late last week, and in the course of conferring regarding the instant motion, however, defendants have now indicated for the first time that they will not consent to producing the remaining search warrant defendants for their depositions after the current discovery deadline, nor do they consent to producing said defendants over the next two days, within the discovery deadline. Under all of the circumstances, plaintiff thus seeks leave of the Court to conduct the remaining search warrant defendants' depositions on or before March 23, 2018.

Thank you for your consideration.

Respectfully,

s/ Brett Klein

Brett H. Klein

cc:     Elissa Fudim (by ECF)