UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MARTIN BLEIWAS,

                              Plaintiff,

        -against-

CITY OF NEW YORK, LEON LIAN, Individually, ALFREDO
TORRES, Individually, GEORGE GOMEZ, Individually,
MIRIAM LORENZO, Individually, DENNIS BOWMAN,
Individually, CHRISTOPHER KENNIS, Individually,
ESTHER BUENO, Individually, CARL LAI, Individually,
WOJCIECH LIPINSKY, Individually, PIERRE BARBEE,
Individually, JOHN HAND, Individually, and JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                              Defendants.

--------------------------------------------------------------------------------X

**SECOND
AMENDED
COMPLAINT**

15 CV 10046 (ER)

<u>Jury Trial Demanded</u>

       Plaintiff MARTIN BLEIWAS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining

of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

       1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **JURISDICTION**

       2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MARTIN BLEIWAS is a sixty-three-year-old man residing in Baldwin, New York.  Mr. Bleiwas is a retired New York City Correction Officer, as well as a former 911 EMS dispatcher for the City of New York.  He is a father of two, a devoted husband, and an aficionado and collector of law enforcement radios.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, LEON LIAN, ALFREDO TORRES, GEORGE GOMEZ, MIRIAM LORENZO, DENNIS BOWMAN, CHRISTOPHER KENNIS, ESTHER BUENO, CARL LAI, WOJCIECH LIPINSKI, JOHN HAND, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their

2

official duties.

10.     That at all times hereinafter mentioned, defendant PIERRE BARBEE was employed by defendant CITY OF NEW YORK as a NYPD supervisor radio technician and was acting under the supervision of said department according to his official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

13.     On April 9, 2015, at approximately 6:00 a.m., plaintiff was at his place of residence, located at 2374 Fox Ave, Baldwin, New York, when he received a phone call from defendant Sergeant LEON LIAN of the Internal Affairs Bureau ("IAB") of the New York City Police Department ("NYPD").

14.     Defendant LIAN told plaintiff to come downstairs and to open his front door.

15.     Plaintiff complied and, upon opening his door, observed defendant LIAN, along with Deputy Inspector MIRIAM LORENZO, Lieutenants DENNIS BOWMAN and CHRISTOPHER KENNIS, Sergeant GEORGE GOMEZ, and Detectives ALFREDO TORRES, ESTHER BUENO, CARL LAI, and WOJCIECH LIPINSKI, all assigned to the NYPD IAB.

16.     Defendants LIAN, TORRES, GOMEZ, LORENZO, BOWMAN, KENNIS,

3

BUENO, LAI, and LIPINSKI all entered plaintiff's home.

17.     LIAN, BOWMAN, KENNIS, GOMEZ, TORRES, BUENO, LAI, and LIPINSKY proceeded to execute a search of plaintiff's home and garage.

18.     During the search, defendant Deputy Inspector LORENZO detained plaintiff in his living room.

19.     Pursuant to the search, the officers confiscated approximately 233 portable radios which had been decommissioned and relinquished by the NYPD approximately 21 years prior. They were in fact lawfully sold at a City auction that was open to the public, and thereafter lawfully purchased by plaintiff.

20.     In addition to the radios, the defendants removed plaintiff's personal computer, his cell phone, storage drives, and a camera.

21.     The defendants also confiscated plaintiff's duly licensed and otherwise lawfully possessed firearms.

22.     A number of items that were in the home when the search was conducted were missing after the search ended, including, without limitation: a pair of diamond earrings, a Bendix King portable radio, and a pair of Smith and Wesson handcuffs.

23.     Despite the fact that the confiscated radios were lawfully sold through a City auction, and thus the City was on notice that the radios could be lawfully possessed by civilians, plaintiff was arrested without probable cause for purported criminal possession of stolen property.  Furthermore, plaintiff repeatedly told the defendant officers present during the search and his arrest that he had receipts which proved that the radios were lawfully sold via a City auction and were lawfully possessed by him, however, plaintiff was ignored and arrested despite

4

the fact that he possessed proof of his lawful possession.

24.     Pursuant to his arrest, defendants TORRES, along with another defendant officer, transported plaintiff from his home to the NYPD's 1st Precinct stationhouse in lower Manhattan.

25.     Plaintiff was unlawfully imprisoned therein until approximately 2:00 p.m., when plaintiff was released with a desk appearance ticket, issued by defendant LIAN.

26.     During this time in custody, plaintiff, a diabetic, required insulin and medication. When he was incarcerated inside the holding cell at the 1st Precinct, he felt symptoms of low blood sugar.

27.     As a result of the issuance of the desk appearance ticket, plaintiff was compelled to appear in New York County Criminal Court, located in lower Manhattan, on June 1, 2015, when he was arraigned on baseless charges filed under docket number 2015NY030716; said charges having been filed based on the false allegations of defendant LIAN, which he swore to in a criminal court complaint filed against plaintiff.  Defendant LIAN initiated said prosecution with malice and without probable cause.

28.     LIAN created and manufactured false evidence against plaintiff and conveyed said evidence to the New York County District Attorney's Office, causing a legal proceeding to be initiated against plaintiff and resulting in said evidence being used against plaintiff in the aforementioned legal proceeding.

29.     Specifically, LIAN swore in the criminal court complaint filed under docket number 2015NY030716, that plaintiff purportedly possessed stolen property, despite the fact that there was no credible evidence to support this allegation, which was entirely false.

30.     Defendants PIERRE BARBEE and JOHN HAND provided false evidence and

information to defendant LIAN, which was conveyed to the New York County District Attorney's Office, and which was used as the purported basis plaintiff's false arrest and in the legal proceeding initiated against plaintiff.

31.     In particular, prior to plaintiff's arrest, defendant LIAN arranged to buy a radio that plaintiff was lawfully selling on eBay.  Defendant LIAN obtained the serial number of the radio, which he conveyed to defendant HAND.  Defendant BARBEE falsely and recklessly and/or otherwise negligently misrepresented that all decommissioned radios that were salvaged were mechanically destroyed, a claim which is untrue.  Even though HAND admittedly did not know how such decommissioned radios were disposed of in 1993, the year that plaintiff's radio was decommissioned (and later auctioned by the City), and notwithstanding that BARBEE could only confirm at best that the radio was salvaged, but had no knowledge of its disposition (i.e. whether it was sold by the City at auction), HAND, BARBEE and LIAN fabricated the conclusion that plaintiff's radio was stolen, even though no such evidence corroborating this reckless and/or negligent conclusion existed.  This fabricated evidence – that plaintiff possessed *stolen* decommissioned radios – was completely false and otherwise asserted by the defendants with reckless disregard to plaintiff's clearly established rights.  This led to the procurement of the above-described search warrant under false pretenses, and to plaintiff's needless arrest and prosecution.

32.     The malicious prosecution and fabrication of evidence compelled plaintiff to return to New York County Criminal Court on June 24, 2015, and then again on September 9, 2015, on which date the purported charge of Criminal Possession of Stolen Property that was levied against plaintiff based on the false allegations of LIAN and the other defendants was

dismissed and sealed, and otherwise terminated in plaintiff's favor.

33.     The supervisory defendants LIAN and HAND directly participated in plaintiff's arrest and supervised and otherwise oversaw their subordinate officers' participation in plaintiff's arrest, the search of his home, and the ensuing prosecution.

34.     Defendants LIAN, TORRES, GOMEZ, LORENZO, BOWMAN, KENNIS, BUENO, LAI, LIPINSKI, HAND, BARBEE and JOHN and JANE DOE 1 through 10 were present for, provided information leading to plaintiff's arrest, or were otherwise aware of plaintiff's false arrest and that he would prosecuted without evidence linking him to any criminal conduct, yet they supervised, participated in, and/or otherwise failed to intervene in plaintiff's arrest and prosecution despite a reasonable opportunity to do so.

35.     Defendant supervisor radio technician BARBEE owed a duty to plaintiff which he breached when he negligently provided false information that led to plaintiff's arrest and prosecution, and which resulted in plaintiff sustaining injuries, including loss of liberty, emotional distress, and being subjected to offensive physical contact when he was handcuffed.

36.     As a result of the foregoing, plaintiff's New York State armed security license, his Nassau County Police Department carry permit, and his New York City Police Department carry permit were suspended.

37.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

38.     All of the aforementioned acts deprived plaintiff MARTIN BLEIWAS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of

42 U.S.C. §1983.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

40.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.     As a result of the foregoing, plaintiff MARTIN BLEIWAS sustained, *inter alia*, pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 Against Defendants Lian, Hand, and Barbee)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants arrested plaintiff MARTIN BLEIWAS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

45.     Defendants caused plaintiff MARTIN BLEIWAS to be falsely arrested and

unlawfully imprisoned.

46.     As a result of the foregoing, plaintiff MARTIN BLEIWAS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983 Against Defendants Lian, Hand, and Barbee)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants created false evidence against plaintiff MARTIN BLEIWAS.

49.     Defendants utilized this false evidence against plaintiff MARTIN BLEIWAS in legal proceedings.

50.     As a result of defendants' creation and use of false evidence, plaintiff MARTIN BLEIWAS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

51.     As a result of the foregoing, plaintiff MARTIN BLEIWAS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983 Against Defendants Lian, Hand, and Barbee)

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff MARTIN BLEIWAS.

54.     Defendants caused plaintiff MARTIN BLEIWAS to be prosecuted without any probable cause until the charges were dismissed on or about September 9, 2015.

55.     As a result of the foregoing, plaintiff MARTIN BLEIWAS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 Against the Individually Named Defendants)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants had an affirmative duty to intervene on behalf of plaintiff MARTIN BLEIWAS, whose constitutional rights were being violated in their presence by other officers.

58.     The defendants failed to intervene to prevent the unlawful conduct described herein.

59.     As a result of the foregoing, plaintiff MARTIN BLEIWAS' liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

60.     As a result of the foregoing, plaintiff MARTIN BLEIWAS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 Against Defendants Lian and Hand)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63.     As a result of the foregoing, plaintiff MARTIN BLEIWAS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

66.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

67.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

68.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

69.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York Against Defendants Lian, Hand, Barbee, and City of New York)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     The defendant officers arrested plaintiff MARTIN BLEIWAS without probable cause.

72.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

73.     As a result of the aforementioned conduct, plaintiff MARTIN BLEIWAS was unlawfully imprisoned in violation of the laws of the State of New York.

74.     As a result of the aforementioned conduct, plaintiff MARTIN BLEIWAS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

75.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

76.     As a result of the foregoing, plaintiff MARTIN BLEIWAS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York Against Defendants Lian, Hand, Barbee, and City of New York)

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Defendant officers initiated, commenced and continued a malicious prosecution against plaintiff MARTIN BLEIWAS.

79.     Defendant officers caused plaintiff MARTIN BLEIWAS to be prosecuted without probable cause until the charges were dismissed on or about September 9, 2015.

80.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

81.     As a result of the foregoing, plaintiff MARTIN BLEIWAS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against Defendants Barbee and City of New York)

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employee Barbee, who was on duty and acting in the scope of their employment when he engaged in the wrongful conduct described

herein.

84.     Defendant City, as employer of Barbee, is responsible for his negligence under the doctrine of *respondeat superior*.

85.     As a result of the foregoing, plaintiff MARTIN BLEIWAS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MARTIN BLEIWAS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       June 21, 2018

                              BRETT H. KLEIN, ESQ., PLLC
                              Attorneys for Plaintiff MARTIN BLEIWAS
                              305 Broadway, Suite 600
                              New York, New York 10007
                              (212) 335-0132

                              By:     s/ Brett Klein
                                      BRETT H. KLEIN (BK4744)

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MARTIN BLEIWAS,

                                    Plaintiff,              15 CV 10046 (ER)

              -against-

CITY OF NEW YORK, LEON LIAN, Individually, ALFREDO
TORRES, Individually, GEORGE GOMEZ, Individually,
MIRIAM LORENZO, Individually, DENNIS BOWMAN,
Individually, CHRISTOPHER KENNIS, Individually,
ESTHER BUENO, Individually, CARL LAI, Individually,
WOJCIECH LIPINSKY, Individually, PIERRE BARBEE,
Individually, JOHN HAND, Individually, and JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                    Defendants.

--------------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132